UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK THOMAS EDWARDS,<br><br>   Plaintiff,<br><br>   v.<br><br>NAIR & NASREEM PATEL FAMILY TRUST, et al.,<br><br>   Defendants. | Case No. 13-cv-05440-MEJ<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE** |

## BACKGROUND

On November 22, 2013, Plaintiff Mark Thomas Edwards removed this case from San Francisco County Superior Court and filed an in forma pauperis application. Dkt. No. 1, 3. The Court granted Plaintiff's application on December 4. Dkt. No. 10. Since that time, the Clerk of Court has issued two notices requesting that Plaintiff provide Defendants' addresses for proper service. Dkt. Nos. 11, 15. As Plaintiff failed to respond to the Clerk's requests, the Court ordered him to provide Defendants' addresses by January 28, 2014. Dkt. No. 20. The Court advised Plaintiff that it may dismiss this case for failure to prosecute if he did not provide Defendants' addresses by January 28. *Id.*

Plaintiff failed to respond to the Court's Order, at which point the Court ordered him to show cause by February 13, 2014, why this case should not be dismissed for failure to prosecute and failure to comply with court deadlines. Dkt. No. 21. The Court warned Plaintiff that it would dismiss the case if he failed to respond by February 13. Plaintiff has failed to respond. Based on this procedural history, the Court finds it appropriate to dismiss this case pursuant to Federal Rule of Civil Procedure 41(b).

## LEGAL STANDARD

Under Rule 41(b), "the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Oliva v. Sullivan*, 958 F.2d 272, 273-74 (9th Cir. 1992) (district court may dismiss sua sponte for failure to meet court deadline). "[T]he district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "These factors are 'not a series of conditions precedent before the judge can do anything,' but a 'way for a district judge to think about what to do.'" *In re Phenylpropanolamine (PPA) Products Liab. Litig.* ("*In re PPA*"), 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

## DISCUSSION

Here, the Court finds that the *Henderson* factors support dismissal. First, "the public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Plaintiff has delayed adjudication of the claims in this case by failing to respond to three requests to provide Defendants' addresses for service and to this Court's show cause order.

Second, the Court's need to manage its docket also weighs in favor of dismissal. Non-compliance with procedural rules and the Court's orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik*, 963 F.2d at 1261.

As for the third *Henderson* factor, the mere pendency of a lawsuit cannot constitute sufficient prejudice to require dismissal. *Yourish*, 191 F.3d at 991. However, "prejudice . . . may . . . consist of costs or burdens of litigation." *In re PPA*, 460 F.3d at 1228. Moreover, "a

presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002). A plaintiff has the burden of demonstrating a non-frivolous reason for failing to meet a court deadline. *Id.*; *see also Yourish*, 191 F.3d at 991. Here, Plaintiff has failed to respond to the Court's Order to Show Cause and has not otherwise offered an explanation for the failure to respond to repeated requests for him to provide Defendants' addresses. Therefore, the Court concludes that the third *Henderson* factor also supports dismissal.

The fourth *Henderson* factor normally weighs strongly against dismissal. *See, e.g., Hernandez,* 138 F.3d at 399. "At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. The Ninth Circuit has "recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)). Thus, if the fourth *Henderson* factor weighs against dismissal here, it does so very weakly.

Finally, the Court has already attempted less drastic sanctions, without success, and therefore determines that trying them again would be inadequate or inappropriate. "Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Here, the Court already attempted the lesser sanction of issuing an Order to Show Cause and giving Plaintiff an opportunity to explain the failure to respond to repeated requests for Defendants' addresses. As Plaintiff failed to respond, ordering Plaintiff to respond again is likely to be futile. *See, e.g., Gleason v. World Sav. Bank, FSB*, 2013 WL 3927799, at *2 (N.D. Cal. July 26, 2013) (finding dismissal under Rule 41(b) appropriate where the court previously attempted the lesser sanction of issuing an Order to Show Cause and giving the plaintiff an additional opportunity to re-plead). Further, the Order to Show Cause warned Plaintiff of the risk of dismissal; thus Plaintiff cannot maintain that the Court has failed in its "obligation to warn the plaintiff that dismissal is imminent." *Oliva*, 958 F.2d at 274. Thus, the Court finds that the fifth

factor also weighs in favor of dismissal.

## CONCLUSION

Based on the analysis above, the Court finds that at least four of the five *Henderson* factors weigh in favor of dismissal. Despite repeated requests, Plaintiff failed to provide Defendants' addresses for service and failed to respond to an order to show cause. Thus, Plaintiff has failed to prosecute this case and dismissal is appropriate. However, a less drastic alternative is to dismiss without prejudice. *See Ferdik*, 963 F.2d at 1262. Dismissal will minimize prejudice to Defendants, but dismissing the case without prejudice will preserve Plaintiff's ability to seek relief. Thus, "[i]n an abundance—perhaps overabundance—of caution," the Court finds that dismissal without prejudice is appropriate. *Faulkner v. ADT Security Servs., Inc.*, 2013 WL 174368, at *4 (9th Cir. Jan. 17, 2013) (remanding to the district court in order to consider whether dismissal should have been without prejudice).

Accordingly, the Court DISMISSES this case WITHOUT PREJUDICE for failure to prosecute and failure to comply with the Court's deadlines and orders.[1]

**IT IS SO ORDERED.**

Dated: February 14, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[1] Because Defendants has not yet been served, they are not yet parties to this action. As such, the Court currently has consent over all parties under 28 U.S.C. § 636(c). *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served and therefore were not parties); *see also Merino v. Saxon Mortgage, Inc.*, 2011 WL 794988 at *1, n. 1 (N.D. Cal. Mar. 1, 2011) (same).